WILL CLAY v. THE STATE.

No. 3041.    Decided March 4, 1914.

**Local Option—Insufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the prosecutor did not testify that he bought any whisky from defendant or that the latter had anything to do with it except point it out to him, and the defendant testified that he did not sell the whisky, etc., the same was insufficient to support a conviction.

Appeal from the District Court of San Augustine. Tried below before the Hon. H. K. Polk.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*Foster & Davis,* for appellant.—On question of insufficiency of evidence: State v. Smith, 28 Iowa, 565; Baker v. State, 31 Ohio St., 314; Gann v. State, 57 S. W. Rep., 837.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—The evidence is not sufficient to sustain this conviction. This is conceded by the Assistant Attorney-General. The evidence for the State is from the witness, Lane. He says that on the 26th day of July, 1913, he was at the depot in the town of San Augustine in the afternoon; it was about train time; he was standing at the east side of the depot, and walked up near where appellant was and asked him for some whisky. Appellant replied he did not have any, but pointed to an open case of whisky about six or eight feet distant, which was on the ground, saying "there is some." The witness immediately went to the case, took a quart bottle of whisky out, leaving $1.50 on a goods box near where he got the whisky, and went away. He says: "I did not pay the defendant any money for the whisky, did not see him get it, and do not know whether he ever got the money. When I put the money on the goods box I turned around and walked away and did not look back." The balance of his testimony shows he got in a buggy in which Lige Johnson was sitting and drove away. Lige Johnson testifies that he went near the depot in a buggy with Lane; did not know anything about the whisky matter, except Lane went off towards the depot and came back directly with a bottle of whisky. Defendant testified that "Lane walked up to where I was standing and asked me for some whisky. I told him I did not have any, but remarked to him 'there is some' pointing to an open case of whisky which was setting some six or eight feet away. The whisky did not belong to me. It belonged to a white man who was standing some twelve or fourteen feet from the whisky. The white man had the whisky for sale. I knew this because I had just bought a quart from him and that is the reason I told Tobe Lane 'there is some.' Tobe Lane walked up to the case of whisky and took out a quart, put one dollar and half on a goods box nearby the whisky and walked away. I did not get the money. The money was not mine, and I had no interest in the sale of the whisky, and did nothing in the aid of the sale of the whisky. The white man got the money after Tobe Lane left, and I walked away with my whisky. I did not know the white man, but I think his name was Gaines." He further shows that the white man referred to lived out in the country. It was about train time in the evening, broad daylight, and a good many people moving around. This is the case. Lane does not testify he bought any whisky from appellant, or that appellant had anything to do with it, except point it out to him. The defendant testifies he did not own the whisky, and did not sell the whisky to Lane. Lane got it, and it belonged to a white man whom it is shown was named Gaines. This is not controverted. The testimony is not sufficient.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*